**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IBRAHIM ROBLE, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CELESTICA CORPORATION,<br>ADECCO, USA, INC., and<br>SPHERION CORPORATION,<br><br>　　　　　　Defendants. | Civil No. 06-2934 (JRT/FLN)<br><br>**MEMORANDUM OPINION<br>AND ORDER DENYING<br>DEFENDANT SPHERION<br>CORPORATION'S<br>MOTION TO DISMISS** |

> James H. Kaster and Sofia B. Andersson, **NICHOLS KASTER & ANDERSON, PLLP**, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for plaintiffs.
>
> Jeremy D. Sosna and Elizabeth A. Grande, **FORD & HARRISON LLP**, 225 South Sixth Street, Suite 3150, Minneapolis, MN 55402, for defendant Spherion Corporation.

Plaintiffs are current and former employees of defendants Celestica Corporation, Adecco USA, Inc., and Spherion Corporation. Defendants Spherion Corporation ("Spherion") and Adecco USA, Inc. ("Adecco") are staffing companies that place temporary and permanent employees with clients throughout the United States. Plaintiffs filed this lawsuit against defendants for alleged violations of the Fair Labor Standards Act and the Minnesota Fair Labor Standards Act. Plaintiffs also allege common law claims of breach of contract, unjust enrichment, and quantum meruit. This matter is

before the Court on defendant Spherion's motion to dismiss.  For the reasons explained below, the Court denies Spherion's motion.

## BACKGROUND

Plaintiffs[1] assist in the assembly and inspection of electronic circuit boards at defendant Celestica Corporation's ("Celestica") facility in Arden Hills, Minnesota.  Defendant Spherion, a staffing company that places both temporary and permanent employees with employers throughout the United States, placed several plaintiffs in employment positions with defendant Celestica.  According to the complaint, Spherion maintained an office at Celestica's Arden Hills facility until "approximately the middle of 2004." (Compl. ¶ 5.)  Defendant Adecco currently maintains an office at the Celestica facility.

While performing their jobs, plaintiffs are required to wear protective gear including smocks, safety glasses, shoe strips, and hand strips to prevent static electricity from damaging the circuit boards.  Plaintiffs allege that they are required to put on (or "don") the protective gear prior to clocking in for the workday, and to take off (or "doff") the gear after clocking out for the day.  According to plaintiffs, the uncompensated time for donning and doffing amounts to between 10 and 15 minutes per person per day.

On July 6, 2006, plaintiffs commenced this action alleging that defendants' failure to compensate them for donning and doffing protective gear violates the Fair Labor

---

[1] Only three individual plaintiffs have asserted claims against Spherion at this time.  *See* Compl. ¶¶ 8-9.

Standards Act of 1938 (Count I) and the minimum wage and record keeping requirements of the Minnesota Fair Labor Standards Act (Counts II and III, respectively). *See* 29 U.S.C. § 201 *et seq.* ("FLSA"); Minn. Stat. § 177.24 *et seq.* ("MFLSA"). Plaintiffs also assert common law claims of breach of contract, unjust enrichment, and quantum meruit (Counts IV, V, and VI, respectively).

## ANALYSIS

### I. STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiffs, as the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiffs can prove no set of facts that would entitle plaintiffs to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

### II. STATUTE OF LIMITATIONS

Spherion argues that plaintiffs' statutory claims are time barred under the applicable statute of limitations. Both the FLSA and the MFLSA require that a cause of action for unpaid wages be brought within two years of the date the cause of action accrued. 29 U.S.C. § 255(a); Minn. Stat. § 541.07(5). Plaintiffs initiated this suit on July 7, 2006. Therefore, any alleged violations of the FLSA or MFLSA occurring prior to July 7, 2004 would be time barred under the statute of limitations. Plaintiffs'

complaint alleges that Spherion maintained an office at Celestica's Arden Hills facility "until approximately the middle of 2004." (Compl. ¶ 5.) Spherion argues that this allegation is an admission by plaintiffs that Spherion did not employ plaintiffs at any time after July 7, 2004, and that plaintiffs' claims are therefore time barred. Spherion thus assumes that "middle of 2004" means prior to July 7, 2004, and that Spherion ceased employing plaintiffs when it vacated its Celestica office.

The Court concludes that plaintiffs' complaint should not be read as an admission that plaintiffs ceased working for Spherion prior to July 7, 2004. Plaintiffs have not admitted or suggested that "the middle of 2004" must mean prior to July 7, 2004. Nor have plaintiffs admitted that the closing of Spherion's on-site location at Celestica's Arden Hills facility necessarily terminated their employment with Spherion. Plaintiffs' allegations are consistent with the requirements of notice pleading under the Federal Rules of Civil Procedure. *See Bowles v. Osmose Utils. Servs., Inc.*, 443 F.3d 671, 675 (8th Cir. 2006) (stating that the "essential function of notice pleading is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved") (internal quotations omitted). While plaintiff's complaint might have been "more artfully drawn," *id.*, the allegations provide Spherion with fair notice of plaintiffs' claims and may simply reflect the need for further discovery. As such, the Court cannot conclude that plaintiffs' FLSA and MFLSA claims are barred under the two-year statute of limitations.

Spherion also argues that plaintiffs' claims are barred under the three-year statute of limitations for "willful" violations of the FLSA. Under the FLSA, the two-year

limitation period is extended to three years for "willful" violations of the statute.  29 U.S.C. § 255(a); *see also* Minn. Stat. § 541.07(5) (providing three-year statute of limitations for willful violations of the MFLSA).  Spherion argues that because federal courts had issued conflicting opinions on whether donning and doffing protective gear is compensable under the FLSA, its alleged violations cannot be "willful" as a matter of law.  Although the issue of willfulness may present questions of fact, the Court need not address whether plaintiffs' claims are time barred under the three-year limitations period.  Because plaintiffs' claims are not barred under the two-year statute of limitations period, the Court denies Spherion's motion to dismiss plaintiff's FLSA and MFLSA claims.

### III.   PLAINTIFFS' BREACH OF CONTRACT, UNJUST ENRICHMENT, AND QUANTUM MERUIT CLAIMS

Plaintiffs assert common law claims against defendants for breach of contract, unjust enrichment, and quantum meruit (Counts IV, V, and VI, respectively).  Plaintiffs allege that defendants breached their employment contracts with plaintiffs by failing to pay them for compensable work under the FLSA.  Plaintiffs further claim that defendants benefited from plaintiffs' donning and doffing activity and were unjustly enriched by failing to compensate plaintiffs.

Spherion moves to dismiss plaintiffs' common law claims for failure to state a claim.  Spherion argues that plaintiffs' common law claims are preempted by the FLSA.  Common law claims based on the same facts and circumstances as an FLSA claim may be preempted under the FLSA.  *See, e.g.*, *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 292-93 (E.D.N.Y. 2005) (noting that although the law is "unsettled as to

whether the FLSA preempts state common law claims," duplicative common law claims are preempted by the FLSA). Reviewing the complaint in a light most favorable to plaintiffs, the Court finds that plaintiffs have alleged facts sufficient to support their breach of contract, unjust enrichment, and quantum meruit claims. While additional discovery may reveal that plaintiffs' common law claims are in fact duplicative of the statutory claims, the Court cannot conclude at this stage of the proceedings that the underlying common law claims are preempted by the FLSA. The Court therefore denies Spherion's motion to dismiss plaintiffs' breach of contract, unjust enrichment, and quantum meruit claims.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant Spherion's motion to dismiss [Docket No. 25] is **DENIED**.


DATED:   December 29, 2006             s/ John R. Tunheim
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                          United States District Judge