UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ibrahim Roble, et al., | Civil No. 06-2934 (JRT/FLN) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Celestica Corporation, Addeco, USA, Inc., and Spherion Corporation, | |
| Defendants. | |

Sofia B. Andersson and Matthew C. Helland for Plaintiff.
Jeremy D. Sosna and Elizabeth A. Grande for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 22, 2007, on Defendant Spherion's motion to dismiss for lack of subject matter jurisdiction [#76]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant Spherion's motion be denied.

**I.     FINDINGS OF FACT**

Plaintiffs are current and former employees of Defendants Celestica, Adecco, and Spherion. (Compl. ¶¶ 6-9.) Plaintiffs worked at Defendant Celestica's facility assembling circuit boards. (Compl. ¶ 10.) Defendant Spherion employed temporary workers to assemble circuit boards at Defendant Celestica's facility until September 2004. (Compl. ¶ 5.) Plaintiffs brought suit under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201-19, the Minnesota Fair Labor Standards Act (hereinafter "MFLSA"), Minn. Stat. §177.21 et seq., breach of contract, unjust enrichment, and quantum meruit. (Compl. ¶¶ 31-63.) Plaintiffs' claims relate to uncompensated

time spent donning and doffing protective equipment. (Compl. ¶ 12.) In the complaint, Plaintiffs alleged that a class action is proper under Federal Rules of Civil Procedure, Rule 23. (Compl. 19-30.)

On November 14, 2006, Defendant Spherion made offers of judgment under Federal Rule of Civil Procedure, Rule 68, to each named Plaintiff who worked for Defendant Spherion. (Andersson Aff., Ex. F.) The offers of judgment read:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Spherion Corporation hereby offers to allow judgment to be taken by [name of Plaintiff] against it in the action for the following monetary relief: (1) an amount equal to the total amount of unpaid wages and overtime sought by plaintiff against Defendant Spherion Corporation between July 6, 2003, and the present, as alleged in the Complaint in the above-entitled action; (2) an amount equal to the amount specified above as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b); (3) recoverable costs accrued by [name of Plaintiff] in his/her pursuit of claims against Defendant through the date of this Rule 68 offer; and (4) reasonable attorneys' fees actually incurred by [name of Plaintiff] relating to his/her action against Defendant Spherion Corporation through the date of this Rule 68 offer, as determined by either mutual agreement of the parties or the Court's Order following Plaintiff's petition for attorneys' fees.
>
> This offer of judgment is made for the purposes specified in Rule 68 and is not to be construed as an admission that Defendant is liable to Plaintiff in this action or that the Plaintiff has suffered any damage, or that Plaintiff may recover from Defendant attorneys' fees or costs other than those specified herein, or otherwise on the claims asserted against Defendant in this action.

(Andersson Aff., Ex. F.) Defendant Spherion asserts that the offers of judgment were made to contain litigation costs because it determined the potential liability to all Plaintiffs would be less than $11,000. (Def.'s Br. 2.)

On December 14, 2006, Plaintiffs brought a motion for conditional class certification under the FLSA [#82]. Plaintiffs' motion was granted in reference to Defendants Celestica and Adecco [#159]. The Court stayed a decision on Plaintiffs' motion, in relation to Defendant Spherion,

pending resolution of Defendant Spherion's motion to dismiss [#159].

## II.   STANDARD OF REVIEW

Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. See Marine Equipment Management Co. v. U.S., 4 F.3d 643, 646 (8th Cir. 1993), citing Bender v. Williamsport Area High School Dist., 475 U.S. 534, 541 (1986).  A federal court has a duty to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied.  See Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n.3 (8th Cir. 1992).   When it appears the court lacks jurisdiction, jurisdiction may not be waived. See Agrashell Inc. v. Hammons Products Co., 352 F.2d 443, 447 (8th Cir. 1965).  The Plaintiff bears the burden of establishing that subject matter jurisdiction is appropriate.  V.S. Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).

Federal courts are limited to adjudicating actual, ongoing cases and controversies.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  An actual ongoing case and controversy requires the parties to have a personal stake in the litigation, which must endure through the entirety of the litigation.  Potter v. Northwest Mtg., 329 F.3d 608, 611 (8th Cir. 2003).  When a live case or controversy no long exists, the Court is divested of subject matter jurisdiction and must dismiss the case.  Minn. Humane Soc'y v. Clark, 184 F.3d 795, 797 (8th Cir. 1999).

## III.   LEGAL ANALYSIS

Rule 68 provides that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer."  Fed. R. Civ. P. 68.  Rule 68 is designed to encourage settlement

and allow Defendants to contain litigation costs. Whether a Defendant can moot an action, before class certification has been determined, by making an offer of judgment is an issue that has not been address by either the Eighth Circuit or the United States Supreme Court. Jones v. CBE Group, Inc, 215 F.R.D. 558, 564 (D.Minn. 2003).

Defendant Spherion argues that the offer of judgment made to Plaintiff affords full relief. Therefore, Defendant argues that since all of the Plaintiffs have been afforded full relief, this Court is divested of subject matter jurisdiction because no case or controversy continues to exists.

Plaintiff argues that Defendant Spherion's offer of judgment is not valid because it is does not specify a specific dollar amount for each Plaintiff either to accept or reject. Plaintiff contends that a live case or controversy exists as to the actual amount of each offer and what constitutes full judgment. Additionally, Plaintiff asserts that even if the offers of judgment were valid, then dismissal would be inappropriate as a matter of public policy. Plaintiff argues that Defendant Spherion should not be allowed to avoid a class or collective action by paying off the named Plaintiffs before a motion is brought for class certification.

In response to Plaintiff's assertion that the offers are not valid, Defendant Spherion stated that it did not specify an amount for the offers of judgment because the Plaintiffs possess the necessary information to make the offers complete. Defendant Spherion takes that position that if the offers included a specific dollar amount, then the Plaintiff would reject the offer and say that it did not constitute full judgment because each Plaintiff has made various claims of donning and doffing time, ranging from 15 -30 minutes per day. At the hearing, Defendant Spherion stated that it would agree to be bound by each Plaintiff's self-reported time for donning and doffing protective equipment. In light of Defendant Spherion's representations at the hearing, the offers of judgment

are valid.  Once each Plaintiff determines how much time was spent donning and doffing protective equipment each day, the specific amount for the offer of judgment can be easily determined.

When faced with whether offers of judgment can be used to avoid a class or collective action courts have been split.  Some Courts have been "reluctant to allow defendants to bar the courtroom doors so early in [a class action] litigation" through making offers of judgment to the named Plaintiffs.  See Geer v. Challenge Fin. Investors Corp., No. 03-CV-419, 2006 WL 704933, *3  (D. Kansas 2006) (finding dismissal based on offers of judgment inappropriate when the issue of class certification is still pending); See McDowall v. Cogan, 216 F.R.D. 46, 51 (E.D.N.Y. 2003) (finding that a defendant must make an offer to a putative class prior to class certification).   Other Courts have found that use of Rule 68 to moot  plaintiff's claims is permissible.  See Jones, 215 F.R.D. at 565 (granting a motion to dismiss on mootness grounds).

In this case, the Court refuses to allow Defendant Spherion to attempt to moot the case by making an offer of judgment.  A case or controversy exists as to whether class certification should be granted.  If Defendant Spherion truly sought to make offers of judgment to contain litigation costs, it would have made the offers to the entire putative class, not just the named Plaintiffs.  By only making offers to the named Plaintiffs, Defendant Spherion attempts to moot this action and defeat the policy underlying the collective action provision of the FLSA, which allows for aggregation of relatively small claims, by divesting the Court of subject matter jurisdiction before a collective action or class action can be certified.

If this Court were to grant Defendant Spherion's motion, Plaintiffs would have an incentive to withhold plaintiffs, so they could add a plaintiff to create a live case or controversy after the defendant brought a motion to dismiss.  Additionally, Plaintiffs would have an incentive to bring

hastily prepared class certification motions in an attempt to get a hearing before the offers of judgment are made. Such gamesmanship is antithetical to the orderly procession of a civil action and would create substantial difficulties for the Court in managing its docket.

## IV.     RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Spherion's motion to dismiss motion to dismiss for lack of subject matter jurisdiction [#76] be **DENIED**. Defendant Spherion must make an offer of judgment to the putative class or wait until the issue of class certification has been resolved before bringing another motion to dismiss based upon an offer of judgment.


DATED:  __3/23___ , 2007                              _s/Franklin L. Noel_____
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **[date 13 days from R&R date]**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **[same date as above]** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.