UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| IBRAHIM ROBLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTICA CORPORATION,<br>ADECCO, USA, INC., and<br>SPHERION CORPORATION,<br><br>Defendants. | Civil No. 06-2934 (JRT/FLN)<br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION AND<br>AFFIRMING ORDER** |

Sofia B. Andersson, James H. Kaster, Matthew C. Helland, and Sarah M. Fleegel, **NICHOLS KASTER & ANDERSON, PLLP**, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for plaintiffs.

Jeremy D. Sosna, Charles E. Feuss, and Elizabeth A. Grande, **FORD & HARRISON LLP**, 225 South Sixth Street, Suite 3150, Minneapolis, MN 55402, for defendant Spherion Corporation.

This matter is before the Court on the objections of defendant Spherion Corporation ("Spherion") to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated March 23, 2007. Spherion also appeals the Magistrate Judge's March 19, 2007 Order denying its motion for a protective order and granting plaintiffs' motion for conditional certification. The Court has conducted a *de novo* review of Spherion's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and has reviewed the Magistrate Judge's Order for clear error. 28 U.S.C.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). For the reasons discussed below, the Court adopts the Report and Recommendation and affirms the Order.

## BACKGROUND

Spherion is an employment agency that places temporary and permanent employees throughout the United States. Spherion maintained an office at defendant Celestica Corporation's facility in Arden Hills, Minnesota until the middle of 2004. From that office, Spherion recruited and employed several named plaintiffs to assist in the assembly and inspection of electronic circuit boards at the Celestica facility. While performing their jobs, plaintiffs were required to wear protective gear to prevent static electricity from damaging the circuit boards. Plaintiffs allege that defendants failed to compensate them for the time spent putting on and taking off the protective gear, in violation of the Fair Labor Standards Act ("FLSA") and the Minnesota Fair Labor Standards Act ("MFLSA").

Spherion filed a motion to dismiss plaintiffs' complaint, arguing that their claims were barred under the relevant statute of limitations. On December 29, 2006, this Court denied Spherion's motion. Spherion then served plaintiffs with offers of judgment under Rule 68 of the Federal Rules of Civil Procedure. Spherion's Rule 68 offers did not specify a dollar amount, but rather offered to accept judgment "for the full amount of relief" sought by any named plaintiff asserting claims against it. (Andersson Aff. Ex. I.) Plaintiffs did not respond to the offers.

Spherion then filed this motion to dismiss for lack of subject matter jurisdiction, alleging that its offers of judgment rendered plaintiffs' claims moot. Three days after Spherion filed its motion to dismiss, plaintiffs filed motions to amend the complaint, to compel discovery, and for conditional class certification. Spherion then filed a motion for a protective order pending resolution of its motion to dismiss. On March 19, 2007, the Magistrate Judge issued an Order denying Spherion's motion for a protective order and granting plaintiffs' motions. The Magistrate Judge issued a Report and Recommendation on March 23, 2007, recommending that Spherion's motion to dismiss be denied. Spherion timely objected to the Order and the Report and Recommendation.

## ANALYSIS

I.   **SPHERION'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

   A.   **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to file a motion to dismiss for "lack of jurisdiction over the subject matter." In determining whether jurisdiction exists, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990). It is the plaintiff's burden to establish that jurisdiction does in fact exist. *Id.* If the Court finds that jurisdiction is not present, it is obligated to dismiss the matter. Fed. R. Civ. P. 12(h); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

B.      **Federal Rule 68**

Spherion argues that its Rule 68 offers of judgment provided plaintiffs with the entirety of the relief sought in this action. As such, Spherion contends that no case or controversy exists under Article III of the United States Constitution, requiring this Court to dismiss plaintiffs' claims as moot. Under Article III, federal court jurisdiction is limited to actual "Cases" or "Controversies." U.S. Const. Art. III, § 2. The case-or-controversy requirement limits the power of the federal judiciary to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where a party no longer has a "personal stake" in the outcome of a case, rendering that party's claims moot, the adversary context is eliminated and the claims cannot be resolved through the judicial process. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96 (1980).

Under Federal Rule 68, a defendant may serve upon an adverse party "an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer." Fed. R. Civ. P. 68. In the context of Rule 68, courts generally hold that a valid offer of judgment, even if rejected, renders a party's claims moot and eliminates subject matter jurisdiction. *See, e.g.*, *Jones v. CBE Grp.*, 215 F.R.D. 558 (D. Minn. 2003); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). However, courts have wrestled with the application of Rule 68 in the class action context, given the potential for Rule 68 offers to frustrate the procedural mechanism of Federal Rule 23 for aggregating small claims. *See, e.g.*, *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004) (stating that Rule 68 offers in class actions create conflicts of

interest for named plaintiffs and encourage premature class certification). Because a properly certified class maintains an interest in litigation distinct from the interests of its named representatives, it is well settled that a court is not divested of subject matter jurisdiction even when the class representatives' claims are rendered moot. *Sosna v. Iowa*, 419 U.S. 393, 401-02 (1975). But courts are divided over whether a Rule 68 offer, made *prior to* class certification, can moot the claims of named plaintiffs. *See Jones*, 215 F.R.D. at 564 (discussing various decisions in the context of the Fair Debt Collection Practices Act). Whether such a Rule 68 offer moots a named plaintiff's claims under the collective action provision of the FLSA appears to be an issue of first impression in this circuit.

Spherion argues in its objections that a valid Rule 68 offer moots a named plaintiff's FLSA claim so long as the offer is made prior to a motion for class certification. *See, e.g.*, *Mackenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003). However, the cases cited by Spherion do not stand for such a broad proposition. In *Mackenzie*, for example, the named plaintiff was unable to identify any other individuals who might have an interest in pursuing a collective action under the FLSA. *Id.* at 1220. As such, the court determined that the named plaintiff was pursuing the FLSA claim on behalf of himself and no one else. *See id.* at 1221; *Darboe v. Goodwill Indus. of Greater NY & Northern NJ, Inc.*, 485 F. Supp. 2d 221, 223 (E.D.N.Y. 2007) (citing cases in support of proposition that a Rule 68 offer moots an FLSA action where the plaintiff is unable to identify any other class members). Thus, the timing of a Rule 68 offer—either before or after a plaintiff's motion for class certification—is

relevant to mootness only if it demonstrates that there are no other similarly situated plaintiffs with an interest in the litigation.  For this reason, where plaintiffs fail to seek class certification, or where class certification is sought and properly denied, a valid Rule 68 offer would deprive a plaintiff of his personal stake in the litigation and render his claims moot.  *Jones*, 215 F.R.D. at 564-55.

In contrast to the cases cited by Spherion, however, the named plaintiffs in this action have identified other potential Spherion employees with an interest in this litigation.  Moreover, Spherion filed its motion to dismiss based on the Rule 68 offer just three days before plaintiffs filed their motion for conditional class certification.  *Cf. id.* (noting that the defendant served the Rule 68 offer "long before" plaintiff had moved for class certification).  As such, the Court agrees with the Magistrate Judge that plaintiffs' identification of potential class members in a pending motion for conditional class certification satisfies the case-or-controversy requirement of Article III and precludes Spherion's Rule 68 offer from divesting this Court of subject matter jurisdiction.[1]  *See Reyes v. Carnival Corp.*, 2005 WL 4891058, at *3 (S.D. Fla. 2005) (holding that a Rule 68 offer does not moot named plaintiffs' FLSA claim where plaintiffs identified other potential class members after the Rule 68 offer was made and refused).  Spherion's Rule

---

[1] Plaintiffs also argue that Spherion's Rule 68 offer was invalid because it offered only the "full value" of plaintiffs' claims and did not specify a dollar amount.  The Court notes that the text of Rule 68 contains no requirement that the offeror provide a specific dollar amount in the offer.  *See* Fed. R. Civ. P. 68 (allowing an offer for "the money or property or to the effect specified in the offer").  Nevertheless, plaintiffs refused the offer because it was unclear what the "full value" of their claims represented, and because damages under the FLSA have no statutory maximum.  As such, the Court agrees that Spherion's Rule 68 offer did not eliminate the underlying case or controversy with respect to the named plaintiffs' claims.

68 offer cannot moot the named plaintiffs' FLSA claim merely because Spherion prevailed (by three days) in a race to the courthouse.  Allowing such a defensive strategy would frustrate the FLSA's collective action provision allowing for the aggregation of small claims, and would endorse an unacceptably narrow understanding of Article III's case-or-controversy requirement.  *See id.* ("Permitting a defendant to evade a collective action by making an offer of judgment at the earliest possible time defeats the purpose of the [FLSA's] collective action mechanism."); *Reed v. TJX Cos., Inc.*, 2004 WL 2415055, at *3 (N.D. Ill. Oct. 27, 2004).

In sum, the named plaintiffs have adequately demonstrated that Spherion's Rule 68 offer has not eliminated the Court's subject matter jurisdiction.  The Court therefore adopts the Magistrate Judge's Report and Recommendation and denies Spherion's motion to dismiss.

## II.   SPHERION'S APPEAL OF THE MARCH 19, 2007 ORDER

Spherion also appeals the Magistrate Judge's March 19, 2007 Order denying its motion for a protective order and granting plaintiffs' motion for conditional certification.  The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

### A. Motion for Protective Order

Spherion argues that discovery should be stayed as to former Spherion employees because its motion to dismiss may be granted. According to Spherion, depositions of its former employees will be irrelevant in the event the named plaintiff's action is dismissed as moot. Under Federal Rule 26, the Court may stay discovery "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). As discussed above, however, the Court denies Spherion's motion to dismiss. Depositions of Spherion's former employees may indeed be relevant to this action, and Spherion has identified no other reasons under Rule 26 in support of a protective order. The Court therefore affirms the Magistrate Judge's Order and denies Spherion's request for a protective order.

### B. Motion for Conditional Class Certification

Spherion also appeals the Magistrate Judge's Order granting conditional certification on grounds that it authorizes judicial notice to Spherion employees whose FLSA claims may be barred by the applicable two- and three-year statutes of limitations.[2] Spherion argues that the FLSA statute of limitations continues to run for a putative class member until that individual employee actually files a written consent form with the Court. 29 U.S.C. § 256(b); *Redman v. U.S. West Business Resources, Inc.*, 153 F.3d 691,

---

[2] Both the FLSA and the MFLSA require that a cause of action for unpaid wages be brought within two years of the date the cause of action accrued. 29 U.S.C. § 255(a); Minn. Stat. § 541.07(5). The relevant statutes of limitations are extended to three years for "willful" violations. 29 U.S.C. § 255(a); Minn. Stat. § 541.07(5).

695 (8th Cir. 1998).  For example, an employee that filed a written consent form with the Court on April 1, 2007 could pursue alleged FLSA violations only if the violations occurred on or after April 1, 2004, in the case of willful violations.  Because the Magistrate Judge's Order authorizes judicial notice to employees who worked for Spherion from July 1, 2003 to present, Spherion argues the conditional certification unnecessarily provides notice to employees whose claims may be time-barred.

Even if conditional certification provides notice to some Spherion employees whose claims are barred under the FLSA's relevant statute of limitations, judicial notice may serve to identify Spherion employees with valid claims under the MFLSA or Minnesota common law.  Unlike the tolling limitation on FLSA collection actions under 29 U.S.C. § 256(b), the filing of a class action generally tolls the running of the statute of limitations as to all asserted class members.  *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974).  Because plaintiffs filed their MFLSA claims as a class action in July 2006, judicial notice to employees who worked for Spherion as early as July 2003 may identify class members with valid claims under Minnesota law, even if those claims are barred under the FLSA.  Further, plaintiffs state that they will withdraw any written consent forms submitted by employees whose claims are time barred.  The Court is not persuaded that the conditional certification order is invalid merely because it includes some Spherion employees whose claims under the FLSA may have expired.  For these reasons, the Court cannot conclude that the Magistrate Judge's Order is clearly erroneous or contrary to law.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** defendant Spherion's objections [Docket No. 204] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated March 23, 2007 [Docket No. 196]. **IT IS HEREBY ORDERED** that defendant Spherion's motion to dismiss for lack of subject matter jurisdiction [Docket No. 76] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that the Magistrate Judge's Order dated March 19, 2007 [Docket No. 191] is **AFFIRMED**.

DATED: September 6, 2007              s/ John R. Tunheim       _
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                          United States District Judge